Richard KNUDSEN, Plaintiff,

v.

D.C.B., INC.; Barbara Verrey; City of Chicago; Thomas Fallon, a police officer of the City of Chicago, Defendants.

No. 84 C 0085.

United States District Court, N.D. Illinois, E.D.

Sept. 5, 1984.

Lonny Ben Ogus, Carl M. Walsh, Chicago, Ill., for plaintiff.

Thomas McCracken, Chicago, Ill., for D.C.B.

Sharon M. Sullivan, Chicago, Ill., for City of Chicago.

## ORDER

BUA, District Judge.

The instant matter was filed under 42 U.S.C. § 1983 and Illinois common law for violations of plaintiff's constitutional rights and other acts which were tortious in nature. Before the Court are the motions to dismiss of D.C.B., Inc. and the City of Chicago, and the motion to strike of Thomas Fallon. For the reasons stated herein, the motions of D.C.B., Inc. and the City of Chicago are granted and the motion of Thomas Fallon is denied.

Jurisdiction over the instant matter is invoked under 28 U.S.C. §§ 1331 and 1343.

## FACTS

The complaint alleges that on January 19, 1982, Officer Thomas Fallon went onto the plaintiff's property without a warrant or legal authorization and recovered two bags which had allegedly been stolen from D.C.B., Inc. After the two bags were recovered, Fallon went to plaintiff's door and asked if "Lenny" was home. When plaintiff responded that he was not, Fallon asked if the bags belonged to plaintiff. When plaintiff answered "no" to this question, Fallon threatened plaintiff with injury and informed him that he would be arrested if permission to search the house was not given. Fallon then arrested plaintiff, allegedly without probable cause, and forced him to go to the 14th District Police Station without shoes or an overcoat despite the fact that it was cold outside and there was snow on the ground. Plaintiff was held at the police station for ten hours before bond was set despite the fact that within an hour of the arrest, an agent of the plaintiff was at the station with bond money.

It is alleged that on the day of plaintiff's arrest, defendant Verrey, an employee of D.C.B., Inc. was informed by Fallon that plaintiff had knowingly obtained control over and concealed the allegedly stolen property and that Verrey, acting on behalf of D.C.B., Inc., and without probable cause, thereafter swore out a criminal complaint against plaintiff. It is further alleged that as an act in furtherance of a conspiracy between Fallon and Verrey, Fallon testified falsely at plaintiff's criminal trial. Verrey, however, testified that she never saw plaintiff take the items. Plaintiff was found not guilty on the charge of theft.

Plaintiff seeks damages against defendants Fallon, Verrey, and the City of Chicago in Counts I and II under 42 U.S.C. § 1983 for the acts alleged and based on a conspiracy between the parties. In Counts III and IV, Knudsen seeks recovery against all defendants for false arrest and imprisonment and malicious prosecution.[1]

## I. The City of Chicago's Motion to Dismiss

In its motion to dismiss, the City of Chicago makes two arguments. First, the City contends that Counts I and II of the plaintiff's complaint must be dismissed because they do not allege with sufficient specificity a custom or policy of the City to delay the release of persons who have fulfilled the requirements for release under bond or one which permits police officers to testify falsely at criminal trials. In addition, the City seeks dismissal of Count III

---

1. The parties have apparently overlooked Count IV in their motions to dismiss. However, as the same arguments would apply to Count IV as to Count III with respect to the statute of limitations bar claimed by the City and the foreclosure of pendent parties claimed by D.C.B., Inc., the Court will *sua sponte* treat the motions to dismiss as applicable to Count IV.

based on a violation of the statute of limitations. The Court will consider these arguments *seriatim.*

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality may not be held liable for the actions of its agents under *respondeat superior.* However, a municipality may be subject to liability for the unconstitutional action of its agent where such action either (1) "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or (2) constitutes a "governmental custom even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690–91, 98 S.Ct. at 2035–2036; *Giarrusso v. City of Chicago*, 539 F.Supp. 690, 692 (N.D.Ill.1982).

It is apparently the latter type of "official policy" that plaintiff claims caused his injuries in the instant case. In *Giarrusso*, this Court stated that " ... a complaint must be dismissed if, when subject to careful examination, the complaint appears to have merely attached a conclusory allegation of 'policy' to what is in essence a claim based on a single unconstitutional act. *Id.* at 693. It is thus necessary to allege more than a single act of unconstitutional conduct. *See Cohen v. Illinois Institute of Technology*, 581 F.2d 658, 663 (7th Cir. 1978); *Rivera v. Farrell*, 538 F.Supp. 291, 296 (N.D.Ill.1982); *Williams v. City of Chicago*, 525 F.Supp. 85, 90 (N.D.Ill.1981); *Hamrick v. Lewis*, 515 F.Supp. 983 (N.D. Ill.1981).[2]

In the case at bar, the plaintiff has made the following allegations:

31. It is the policy of the City of Chicago to delay the release of persons who have fulfilled each and every requirement for release under bond in order that they be further injured, especially and more specifically in cases involving illegal and unconstitutional searches and arrests and misdemeanors.

32. It is the policy of the City of Chicago to allow its agents (police officers) to testify falsely at criminal trials, to take no action for false testimony and to have no procedures to determine whether an agent has had a pattern of illegal searches, seizures and false testimony, thus giving its agents the belief that such actions were proper and that the City of Chicago would not investigate those acts.

■ Plaintiff's allegations of custom and policy against the City are plainly conclusory. No specific allegations are made that the incidents plaintiff complains of are more than isolated incidents or were otherwise the manifestation of a custom or policy of the City. No facts are alleged with sufficient particularity which indicate that a policy, practice or custom of the City caused the alleged deprivation of plaintiff's constitutional rights. The bald, conclusory allegations of Counts I and II that a custom or policy of the City caused a violation of the plaintiff's rights must therefore be dismissed as insufficient.

■ The City also seeks dismissal of the common law claims. Jurisdiction over such claims is based upon pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). As the Court is hereby dismissing the federal claims against the City, it consequently loses jurisdiction over the pendant claims and must dismiss these claims as well.

## II. *Fallon's Motion to Strike*

■ Defendant Fallon has moved to strike paragraph 24 of the plaintiff's amended complaint which states:

24. As an act in furtherance of the agreement to conspire to violate Plain-

---

**2.** On the issue of the specificity required to plead a civil rights case under *Monell,* there is some disagreement among the judges of this district. *See, e.g., Means v. City of Chicago*, 535 F.Supp. 455, 458–59 (N.D.Ill.1982) (Marshall J.) and *Villa v. Franzen*, 511 F.Supp. 231, 235 (N.D. Ill.1981) (Shadur, J.).

tiff's constitutional rights, Fallon falsely testified at Plaintiff's trial that Plaintiff had made incriminating statements at the time of the illegal search and arrest.

Fallon correctly argues that under *Briscoe v. Lahue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), a police officer is immune from suit for perjured testimony. However, Fallon misconstrues plaintiff's complaint. Plaintiff does not allege that Fallon's testimony was the act which violated plaintiff's rights; rather, it is merely alleged that such testimony was an act in furtherance of an underlying conspiracy between the defendants to harass plaintiff and otherwise deny his constitutional rights. Insofar as plaintiff does not seek to recover solely based on Fallon's alleged perjury, Fallon's motion to strike must be denied.

### III. *D.C.B.'s Motion to Dismiss*

D.C.B. has moved to dismiss the plaintiff's amended complaint based on lack of subject matter jurisdiction over the claims against it. D.C.B. is sued only under Counts III and IV which contain allegations of the Illinois common law torts of false arrest and imprisonment and malicious prosecution.

■ As no independent basis for jurisdiction is alleged, D.C.B. is essentially joined as a pendent party. Where a party brings suit against a first defendant under a recognized jurisdictional basis and seeks to join a second defendant with respect to whom no independent jurisdictional basis exists, such second defendant is referred to as a pendent party. *Hixon v. Sherwin Williams Co.*, 671 F.2d 1005 (7th Cir.1982). The doctrine of pendent party jurisdiction has never been expressly approved by the Supreme Court, and in fact was negatively referred to in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Pendent party jurisdiction has generally met with disfavor in this Circuit. *See In re Oil Spill by Amoco Cadiz*, 699 F.2d 909, 913–14 (7th Cir.1983); *Hixon*, 671 F.2d 1005, 1008–9; *Marcano v. Northwestern*

*Chrysler-Plymouth Sales*, 550 F.Supp. 595 (N.D.Illinois 1982). Indeed, the Seventh Circuit recently noted, "Although pendent party jurisdiction is not dead, neither is it in the best of health." *Thomas v. Shelton*, 740 F.2d 478 at 487 (7th Cir.1984).

■ In a situation analogous to the case at the bar, another judge in this district has held that the Supreme Court's decision in *Aldinger*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and cases decided by the Seventh Circuit Court of Appeals do not allow the use of pendent party jurisdiction. *Bostedt v. Festivals, Inc.*, 569 F.Supp. 503 (N.D.Illinois 1983) (Hart, J.). In that case the plaintiff sought to attach a state law claim against Festivals, Inc. to his federal law § 1983 claim against the City of Chicago and two police officers of the City. That court found that unless an independent basis for jurisdiction was found, it was not the intention of Congress or of the Supreme Court to allow pendent party claims to attach to § 1983 claims in the federal courts. *Id.* at 505–6. This Court agrees. In the view of this Court, with certain inapplicable narrow exceptions, there is no pendent party jurisdiction in this Circuit. *See In re Oil Spill of Amoco Cadiz*, 699 F.2d 909 and *Hixon v. Sherwin Williams Co.*, 671 F.2d 1005. For this reason D.C.B.'s motion to dismiss for lack of jurisdiction must be granted.

### CONCLUSION

For the reasons stated herein, the City of Chicago's motion to dismiss is hereby granted as to all Counts. The motion to strike of defendant Fallon is denied and the motion to dismiss of D.C.B., Inc. as to Counts III and IV is granted.

IT IS SO ORDERED.