**Percy NUNN, Jr., Plaintiff,**

v.

**CITY OF CHICAGO, a Municipal Corporation, and Police Officer Labant, Star No. 13466, Police Officer Natis, Star No. 8013, and Other Unknown Police Officers, Defendants.**

No. 84 C 9259.

United States District Court, N.D. Illinois E.D.

March 6, 1985.

Robert A. Lagendorf, Chicago, Ill., for plaintiff.

James D. Montgomery, Corp. Counsel by Bruce B. Marr, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss plaintiff's complaint in a civil rights case. For the reasons stated herein, the defendants' motion is granted in part and denied in part.

## I. FACTS

Plaintiff Percy Nunn filed this civil rights action alleging his wrongful arrest, beating, and criminal prosecution through the acts of Officers Labant, Natis, other unknown officers, and the City of Chicago. Against defendant City of Chicago, the plaintiff alleges a policy of charging those persons on whom officers used excessive force with disorderly conduct in order to justify the use of force. In addition, the City is charged with failure to discipline officers allegedly previously guilty of such unwarranted arrests and violence by removing them from contact with the public or otherwise correcting their behavior. Finally, in Count II, the City is charged with conspiring with the named officers to falsely accuse, incarcerate, and prosecute the plaintiff. Against the named officers,

plaintiff alleges that on February 14, 1983, near 4848 West Winthrop, Chicago, Illinois, Officers Labant and Natis beat, bruised, kicked, wounded, and ill-treated plaintiff without cause or provocation. Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

Defendants set forth five grounds on which to dismiss plaintiff's complaint in whole or in part: (1) plaintiff's complaint sets forth a "laundry list" of claims under 42 U.S.C. § 1983, at least some of which are patently frivolous; (2) plaintiff fails to state a § 1983 claim against the individual police officers; (3) plaintiff fails to state a claim for malicious prosecution; (4) plaintiff fails to state a claim for conspiracy; and (5) plaintiff fails to sufficiently allege a policy claim against the City of Chicago.

### 1. *"Laundry List" of § 1983 Claims*

Defendant identifies five allegedly frivolous aspects to plaintiff's complaint. A brief discussion of these five aspects will help to narrow the issues for defendants' motion to dismiss.

First, in paragraph 6(a) of Count I, plaintiff alleges defendants' refusal to arrest or report the named police officers for beating, falsely arresting, and maliciously prosecuting him. Since a plaintiff in a § 1983 suit must allege a deprivation of his constitutional rights, *Crowder v. Lash,* 687 F.2d 996, 1002 (7th Cir.1982), defendants conclude that the failure to arrest or report the police officers does not constitute a deprivation of plaintiff's constitutional rights. While this argument has some appeal, the Court believes that it falls more appropriately within the issue of the alleged City policy of failure to discipline the police officers, which will be discussed in section 5.

 Second, the Court grants defendants' motion to dismiss the punitive damage claims against the City. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) makes it clear that a municipality is immune from punitive damages under 42 U.S.C. § 1983.

*Id.* at 271, 101 S.Ct. at 2762. However, the Court denies defendants' motion to dismiss insofar as it may seek to eliminate all punitive damages, *i.e.,* against the named officers. The Supreme Court has held that punitive damages may be awarded under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983); *see also Bell v. City of Milwaukee,* 746 F.2d 1205, 1266 (7th Cir.1984).

 Third, the Court denies defendants' motion to dismiss plaintiff's complaint on the basis that it asserts a cause of action directly under the Constitution. In support of this argument, defendants cite *Turpin v. Mailet,* 591 F.2d 426 (2d Cir.1979). *Turpin* held that there is no cause of action against a municipality directly under the Fourteenth Amendment, because the plaintiff may proceed against the municipality under § 1983. *Id.* at 427. In the present case, plaintiff sues for constitutional violations and seeks damages under § 1983. Therefore, even under *Turpin,* this cause of action against the municipality is not prohibited.

 Fourth, defendants argue that paragraph 9(b) of Count I fails to allege a violation of the Equal Protection Clause of the Fourteenth Amendment. A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual. *Huebschen v. Dept. of Health and Social Services,* 716 F.2d 1167, 1171 (7th Cir.1983). In the present case, the Court finds that plaintiff has alleged no "particular class" other than himself and others who have been treated unfairly. The "particular class" requirement must be met by a group identified apart from the alleged unfair treatment. Therefore, paragraph 9(b) is dismissed only insofar as it rests on the Equal Protection Clause of the Fourteenth Amendment.

Fifth, defendant argues that paragraph 1 of Count I fails to allege a Sixth Amendment claim. Nowhere else does the plaintiff refer to the deprivation of his right to counsel or any facts pertaining thereto. It is well established that the initiation of adversary judicial criminal proceedings—by way of formal charge, preliminary hearing, indictments, information or arraignment—is the point at which the Sixth Amendment right to counsel attaches. *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1144 (7th Cir.1983). In the present case, the plaintiff alleges no facts regarding any questioning by police at any time and therefore it is impossible to determine whether plaintiff has sufficiently alleged the elements of a Sixth Amendment claim. Since it is bound to consider only well-pleaded facts in plaintiff's complaint as true, the Court grants defendants' motion to dismiss paragraph 1 of Count I as to the Sixth Amendment claim.

### 2. § 1983 Claim Against Police Officers

Defendants argue that plaintiff has improperly alleged a cause of action against defendant police officers. Plaintiff alleges that "all of the acts alleged herein were done by the defendants not as individuals, but under the color" of state law. Paragraph 2 of Count I. Defendants contend that these allegations clearly show that defendants are being sued not as individuals but in their official capacity. As such, defendants conclude that plaintiff's complaint fails to state a cause of action against police officers in their official capacity because plaintiff has not alleged any supervisory or official capacity of defendants.

The Court rejects defendants' argument as based purely on semantics. It is clear to the Court that plaintiff's inartful pleading states a claim against the police officers individually and adds that they acted under color of state law.

### 3. Malicious Prosecution

Defendants argue that plaintiff has failed to state a claim for malicious prosecution under § 1983 because plaintiff has not alleged a *bona fide* termination of the previous prosecution in his favor. Paragraph 9 of Count III alleges that the criminal charges against plaintiff "were dismissed." Evidently, according to the defendants, plaintiff must allege something more than dismissal, *i.e.*, acquittal.

Under § 1983, a malicious prosecution claim must implicate the deprivation of some constitutionally protected right. *Antonelli v. Burnham*, 582 F.Supp. 1067, 1071 (N.D.Ill.1984). In addition, the termination of a prior proceeding in plaintiff's favor is an essential element in a malicious prosecution claim and must be factually alleged in the complaint. *Koch v. Schneider*, 550 F.Supp. 846, 854 (N.D.Ill.1982); *see also Friedes v. Sani-Mode Manufacturing Co.*, 33 Ill.2d 291, 295, 211 N.E.2d 286 (1965).

In the present case, the Court finds that plaintiff's malicious prosecution claim properly implicates a deprivation of liberty under § 1983 because plaintiff alleges imprisonment and posting of bond pending the hearing and dismissal of the charges against plaintiff in the Circuit Court of Cook County, Illinois. The Court rejects the defendants' argument that plaintiff's allegation of the dismissal of the criminal charges is insufficient to state a *bona fide* termination of the previous prosecution in his favor. If the Court accepted defendants' position that allegations of acquittal are necessary, a police officer could bring charges against the plaintiff here, dismiss them the day before trial, and suffer no recriminations. Such a result would emasculate the protection of the malicious prosecution cause of action. Therefore, the Court denies defendants' motion to dismiss plaintiff's malicious prosecution claim brought under § 1983.

### 4. Claim of Conspiracy

Defendants argue that paragraph 6 of Count I fails to allege facts in support of a conspiracy. Paragraph 6 of Count I alleges that the City and police officers "did

agree and conspire to deprive the plaintiff ... of his Civil Rights" and "did commit, cause to be committed and/or aided and abetted each other ... in the omission of all or some of the following acts...." Defendants conclude that plaintiff pleads only conclusory allegations of conspiracy and therefore the conspiracy claim should be dismissed.

Under § 1983, mere allegations that the parties acted in concert, without any of the necessary factual averments, is insufficient to defeat a motion to dismiss. *Koch v. Schneider, supra,* 550 F.Supp. at 850; *see also Tarkowski v. Bartlett Realty Co., et al.,* 644 F.2d 1204, 1206 (7th Cir. 1980). In the present case, plaintiff sets forth conclusory allegations, which state only that the parties "agree and conspire" to violate plaintiff's civil rights and refer to no specific facts. Therefore, the Court finds that paragraph 6 of Count I and paragraph 6 of Count II are dismissed for failure to state a claim of conspiracy under § 1983.

### 5. *Claim of Policy Against the City of Chicago*

Defendants argue that plaintiff fails to sufficiently allege a custom or policy on the part of defendant City of Chicago. Paragraph 10 of Count I alleges that the City had a policy which instructed police officers to charge those "whom they treat as aforesaid, with the offense of disorderly conduct." Paragraph 11 of Count I alleges that the City "had a custom and policy and knew or was obligated to know and intentionally chose to remain oblivious of the fact" that the defendant officers had previously exhibited "a pattern of unwarranted arrests and unnecessary violence and brutality towards members of the public ..." yet failed to remove, discipline or correct said conduct. Since plaintiff's allegations of custom and policy are plainly conclusory, defendants conclude that plaintiff has failed to state a § 1983 claim against the City.

In *Giarrusso v. City of Chicago,* 539 F.Supp. 690 (N.D.Ill.1982), this Court resolved the question of when a complaint sufficiently alleges a § 1983 claim against a municipality under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Giarrusso,* this Court stated that, under § 1983, "... a complaint must be dismissed if, when subject to careful examination, the complaint appears to have merely attached a conclusory allegation of 'policy' to what is in essence a claim based on a single unconstitutional act." *Supra,* 539 F.Supp. at 693. It is thus necessary to allege more than a single act of unconstitutional conduct. *Knudsen v. D.C.B., Inc.,* 592 F.Supp. 1232, 1234 (N.D.Ill.1984).

The Court finds the case of *Clark v. City of Chicago,* 84 C 8765, slip op. (N.D.Ill. Dec. 14, 1984), to be dispositive of the *Monell* issue in this case. In *Clark,* the plaintiff alleged a policy by the City of Chicago of failure to adequately supervise its police officers and a *de facto* policy implemented by police officers to "summarily punish persons who refuse to obey police orders, whether lawful or not, by means of unlawful arrest, detention, excessive use of force, and the denial of necessary medical attention." The Court in *Clark* held that the plaintiff's allegations of custom and policy against the City were plainly conclusory.

In the present case, plaintiff's allegations differ from those in *Clark* only insofar as they allege that the City encourages police officers to charge with disorderly conduct persons who the officers beat and unlawfully arrest. While this allegation attempts to link the charges of disorderly conduct and plaintiff's alleged beating and unlawful arrest together as a City policy of violating civil rights, the Court finds that the incidents which plaintiff complains of are merely isolated incidents and do not manifest a custom or policy of the City. *Clark v. City of Chicago, supra,* slip op. at 2. Accordingly, the conclusory allegations contained in paragraphs 10 and 11 of Count I of plaintiff's complaint are dismissed for

failure to state a § 1983 claim against the City under *Monell.*

### III. CONCLUSION

In light of its above findings, the Court grants defendants' motion to dismiss the City of Chicago on all Counts. As to the defendant police officers, the Court grants in part and denies in part the defendants' motion to dismiss consistent with its above order.

IT IS SO ORDERED.