**Julie Ann LYMAN, Plaintiff,**

v.

**BOARD OF EDUCATION OF the CITY OF CHICAGO and Dr. Harry Strasburg, Defendants.**

**No. 84 C 5913.**

United States District Court, N.D. Illinois, E.D.

March 27, 1985.

Kerr & Longwell, Chicago, Ill., for plaintiff.

Patricia J. Whitten, Atty., Karen Gatsis Anderson, Mary Denise Cahill, Asst. Attys., Bd. of Educ. of the City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff Julie Ann Lyman brings this action against defendants, the Board of Education of the City of Chicago, and Dr. Harry Strasburg, alleging violation of her constitutional and statutory rights to employment. Count I is brought pursuant to 28 U.S.C. §§ 1343, 2201, and 2202; 42 U.S.C. § 1983; and the Fourteenth Amendment of the United States Constitution. Count II is brought pursuant to the doctrine of pendent jurisdiction and alleges violations of Ill.Rev.Stat., ch. 122, § 34–15. Count III is brought under the doctrine of pendent jurisdiction and alleges violations of the Illinois Open Meetings Act, Ill.Rev. Stat. ch. 102, § 41 *et seq.*

Before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants have also requested that the issue of plaintiff's status as a career service employee be treated under Fed.R. Civ.P. 56. Finally, defendants have filed a motion to strike the plaintiff's affidavit. For the reasons stated below, defendant Board of Education's motion to dismiss is granted. Defendant Dr. Harry Strasburg's motion to dismiss is granted in part and denied in part. Defendants' request that the issue of plaintiff's status as a career service employee be treated under Fed.R.Civ.P. 56 is denied. Defendants' motion to strike plaintiff's affidavit is granted without prejudicing plaintiff's right to submit a new affidavit after discovery.

## I. FACTS

Plaintiff was hired as an employee of the defendant Board of Education of the City of Chicago ("Board") on or about April 1, 1976. Plaintiff performed her duties satisfactorily for the Board continually until June 13, 1983. Defendant Dr. Harry Strasburg ("Strasburg") is the Deputy Superintendent for Finance and Administration for the Board. On June 13, 1983, Strasburg informed the plaintiff that her employment would be terminated effective July, 1983 because of a budget cut. The Board subsequently took action to terminate plaintiff's employment.

Lyman alleges she was a career service employee of the Board.

Ill.Rev.Stat., ch. 122, § 34–15 provides, in part:

No civil service employee shall be removed except for cause. The board by a vote of a majority of its full membership must first approve a motion containing written charges and specifications presented by the general superintendent of schools. Such motion shall contain a request to the State Board of Education to schedule a hearing on these charges before an impartial hearing officer....

Lyman further alleges that § 34–15 gave plaintiff the right to continued employment unless terminated for cause, thus creating a property interest in her employment. Lyman claims that the Board did not subsequently reduce its budget and charges that her termination was arbitrary and capricious in that she was terminated for no valid reason. Lyman was never given a hearing prior to termination as required by § 34–15.

■ The plaintiff predicates liability upon two theories. Count I is a claim for monetary, injunctive, and declaratory relief for defendants' violation of plaintiff's civil rights, specifically their unconstitutional deprivation of her property interest in continued employment. Count II is a pendent claim for damages and declaratory relief for defendants' violation of plaintiff's statutory rights to employment under Ill.Rev. Stat., ch. 122, § 34–15, which prohibits termination of civil service employees without a showing of cause and a hearing on written charges.[1]

## II. DISCUSSION

### A. *Defendants' Summary Judgment Request*

Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). In regard to the defendants' request that the issue of plaintiff's status as a career service employee be treated as a motion for summary judgment, Fed.R.Civ.P. 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). (emphasis added)

■ It is within the trial court's discretion whether to exclude matters outside the pleadings. In this case, attorneys for the defendant have submitted with their motion to dismiss one affidavit and seven exhibits. This extraneous material is considered matters outside the pleadings. Plaintiff, in her memorandum in opposition to the defendants' motion to dismiss, submitted one affidavit (by the plaintiff herself) and two exhibits. Defendants have moved to strike much of plaintiff's affidavit because it is not based on her personal knowledge. Based upon Defendants' Motion to Strike, it is apparent that defendants, and not plaintiff, have the advantage of access to all the relevant information contained in the Board of Education's records and files. For this Court to grant summary judgment without giving the plaintiff equal access to such information through the process of discovery would be unjust. Summary judgment in favor of the defendants at this point in the proceedings would be to deny the plaintiff her day in court without even according her the benefits of discovery. Therefore, the defendants' request that plaintiff's status as a career service employee be treated under a motion for summary judgment is denied.

---

1. Count III is based upon pendent jurisdiction and seeks damages and other relief for purported violations of the Illinois "Open Meetings Act," Ill.Rev.Stats., ch. 102 § 41 *et seq.* Plaintiff, by failing to respond to defendants' arguments, apparently concedes that Count III must be dismissed because it was not brought within the applicable state statute of limitations. Although the Illinois Open Meetings Acts, upon which Count III was predicated, provided for a 45-day statute of limitations, plaintiff did not file her complaint until over a year after the violation that she alleges. Accordingly, Count III is dismissed.

## B. *The Board of Education's Motion to Dismiss*

In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court held that municipalities and other local government entities are "persons" subject to liability under 42 U.S.C. § 1983 where the constitutional deprivation suffered by the plaintiff can be casually linked to a governmental "policy" or "custom." *Rivera v. Farrell,* 538 F.Supp. 291, 293 (N.D.Ill.1982). There is a substantial disagreement in this district as to the specificity of pleading required in the context of a suit brought against a municipality or other local government entity under section 1983 after *Monell.* However, as this Court has held in the past, such a complaint must be dismissed if, when subject to careful examination, the complaint appears to have merely attached a conclusory allegation of "policy" to what is in essence a claim based on a single unconstitutional act. *See Giarrusso v. City of Chicago,* 539 F.Supp. 690, 693 (N.D.Ill.1982).

Based upon the Supreme Court's ruling in *Monell,* the Board moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Board argues that Lyman's complaint is devoid of any allegation that the actions of either the Board or Dr. Strasburg were taken pursuant to any official policy or custom.

The facts of the case have already been set out. The plaintiff alleges she is a career service employee who by virtue of her employment has a protected property interest to her job under state law. In support of this allegation, the plaintiff puts forth the following argument: First, plaintiff argues that under *Monell,* school boards and municipalities can be held liable under section 1983. Second, plaintiff admits that under *Monell* municipalities cannot be liable under section 1983 on a respondeat superior basis without an assertion that the defendant acted pursuant to an unconstitutional policy. Plaintiff asserts, however, that she is not alleging liability under any theory of respondeat superior. Finally, plaintiff argues that because she is not alleging liability under the theory of respondeat superior, she therefore is not required to show that the defendants acted pursuant to an unconstitutional policy or practice. Plaintiff concludes that the defendants' termination of plaintiff's employment was an unconstitutional act of the municipality itself.

██ Plaintiff's strained logic, however, is not persuasive. Merely because plaintiff is not asserting liability under respondeat superior does not mean she is excused from alleging that defendants acted pursuant to an unconstitutional policy or practice. The plaintiff is misinterpreting the Supreme Court's holding in *Monell.* According to *Monell,* the plaintiff must not only show that her firing was an unconstitutional act, she must also show that this act is part of the Board's official policy, custom, or practice.

The court in *Hamrick v. Lewis,* 515 F.Supp. 983 (N.D.Ill.1981), set forth the requirements for stating a claim for relief under the standard for municipal liability under *Monell* in the context of a motion to dismiss:

> While it is unnecessary to show formal, documentary approval of a governmental custom or policy in order to state a claim under *Monell,* it is necessary to allege more than a single incident of illegality as evidence of a governmental policy, custom, or practice in order to state a claim for relief.

*Id.* at 985–86 (citations omitted).

In this case, the plaintiff's complaint alleges a single, wrongful incident—the asserted unconstitutional firing of a career service employee without notice or a hearing. A single instance of an unconstitutional firing is not sufficient to support a claim that the firing was part of an official governmental policy, practice, or custom. The plaintiff has therefore failed to meet the requirements stated above for municipal liability under *Monell.* Accordingly, the Board's motion to dismiss Count I is granted.

Since all of plaintiff's federal claims against the Board in Count I are dismissed before trial, the state claim alleged in Count II against the Board is dismissed without prejudice for lack of pendent jurisdiction. *See Aldinger v. Howard,* 427 U.S. 1, 16–17, 96 S.Ct. 2413, 2421–2422, 49 L.Ed.2d 276 (1976); *Moore v. The Marketplace Restaurant,* 754 F.2d 1336, 1353–1354 (7th Cir.1985); *Knudsen v. D.C.B., Inc.,* 592 F.Supp. 1232, 1235 (N.D.Ill.1984).

### C. *Dr. Harry Strasburg's Motion to Dismiss*

Dr. Harry Strasburg, Deputy Superintendent for Finance and Administration of the Board, moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The guidelines to be used in considering a motion to dismiss are clear. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Under the Federal Rules, it is well established that on a motion to dismiss a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed. *Hamrick v. Lewis,* 515 F.Supp. 983, 985 (N.D.Ill.1981).

Strasburg argues that plaintiff was not a career service employee and that plaintiff's claims are mere conclusory allegations. In support of this allegation Strasburg argues that the affidavits, exhibits, and memoranda filed herein by both parties prove that the plaintiff actually did not have career service status.

 As has already been stated, the Court has, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, decided to exclude all matters outside the pleadings. The affidavits and exhibits upon which Strasburg relies are matters outside the pleadings. Keeping in mind that for purposes of this motion plaintiff's allegations are taken as true, and that Strasburg's argument rests solely on the inadmissible affidavits and exhibits, Strasburg has therefore failed to persuade the Court that the plaintiff can prove no set of facts in support of her claim. Accordingly, Strasburg's motion to dismiss Counts I and II is denied.

### CONCLUSION

Defendants' request that the issue of plaintiff's status as a career service employee be treated as a motion for summary judgment is denied. Defendant Board of Education's motion to dismiss is granted on Counts I and III. The allegations in Count II against the Board of Education are dismissed without prejudice for lack of pendent jurisdiction. Defendant Dr. Harry Strasburg's motion to dismiss is denied as to Counts I and II and granted as to Count III. Defendants' motion to strike plaintiff's affidavit is granted without prejudicing plaintiff's right to submit a new affidavit after discovery.

IT IS SO ORDERED.