Ronald C. BROWN, Plaintiff,

v.

CITY OF CHICAGO, ILLINOIS, a municipal corporation, Officer John Doe and Officer Richard Roe, individually and in their official capacities, Defendants.

No. 84 C 9767.

United States District Court,
N.D. Illinois, E.D.

July 9, 1985.

David Letvin, Letvin & Stein, Chicago, Ill., for plaintiff.

James D. Montgomery, Corp. Counsel of the City of Chicago by Paul M. Sheridan, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Defendant, City of Chicago, has moved this Court for an order dismissing Counts II and III of plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending before the Court is plaintiff's motion to compel discovery. For the reasons stated below, both motions are granted.

## I. MOTION TO DISMISS

In considering a motion to dismiss under Rule 12(b)(6), a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The following facts are alleged in the amended complaint. For the purposes of this motion, the Court assumes they are true. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976).

## A. FACTS

Plaintiff, Ronald C. Brown, an adult black male, alleges that on April 23, 1984, between 2:30 and 4:00 p.m., he was driving his car in the City of Chicago when he encountered mechanical problems. While attending to his car, two officers of the Chicago Police Department approached the car. Brown was then arrested and brought to the police station at 35th Street and Lowe. At the police station, without any provocation, Brown was severely beaten by a white Chicago police officer, Defendant John Doe, whose identity is presently unknown to the plaintiff. A second officer, Defendant Richard Roe, whose identity is also unknown to the plaintiff, threw water on him. Brown was not allowed to make a telephone call or obtain medical treatment. Brown was detained at that police station until 7:00 a.m. the next day when he was

then taken to traffic court and placed in the lock-up there. From traffic court, Brown was taken to Cook County jail where he was booked and bonded out on a $200 "eye" bond at approximately 9:00 p.m. During his custody, Brown was neither advised of his "Miranda" rights nor given the medical treatment he requested.

The next day, April 25, 1984, Brown was admitted to the hospital. Brown was diagnosed as suffering from trauma to the chest and head, abrasion of the eye, fracture of several ribs and a fracture of the hip. Brown alleges the sole cause of his injuries was the treatment he received at the 35th Street police station. Brown remained hospitalized until May 4, 1984, when he was discharged in stable condition with fair prognosis.

Count II of plaintiff's amended complaint alleges that, "[d]efendant Officers John Doe and Richard Roe are parties to a contract with defendant City of Chicago whereby said City has agreed to indemnify and hold said individuals harmless for all civil rights violation judgments arising out of their employment with said City of Chicago, whether for compensatory or punitive damages." Amended Complaint, Count II, ¶ 18. Plaintiff also alleges that, "[p]ursuant to the Illinois Municipal Code, Illinois Revised Statute, ch. 85, par. 9–102, the City of Chicago is obliged to pay any judgment or settlement for tort, including 42 U.S.C. § 1983 violations and 42 U.S.C. § 1981 violations, as defendant Officers John Doe and Richard Roe may be liable for arising out of their employment with said City." *Id.* at ¶ 19. Plaintiff therefore claims that the City of Chicago has waived any defense it may have under *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977), for the violations of constitutional rights by its agents and employees.

Count III of plaintiff's amended complaint is brought pursuant to the doctrine of pendent jurisdiction and alleges that "the conduct by the individually named defendants and the defendant City of Chicago constituted an assault and battery, as it placed plaintiff in threat of imminent touching and did constitute an unpermitted touching within the meaning of the common law of Illinois." Amended Complaint, Count III, ¶ 21.

## B. DISCUSSION

In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities and other local government entities are "persons" subject to liability under 42 U.S.C. § 1983 where the constitutional deprivation suffered by the plaintiff can be causally linked to a government "policy" or "custom." In *City of Oklahoma City v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), the Supreme Court held that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Id.* 105 S.Ct. at 2436. Similarly, the Seventh Circuit in *Strauss v. City of Chicago,* 760 F.2d 765 (1985), has defined what must be pled by a plaintiff bringing suit pursuant to 42 U.S.C. § 1983. The plaintiff in *Strauss* was the subject of an unlawful arrest and recipient of blows to the face. The court held that "[t]he existence of a policy that caused a plaintiff's injury is an essential part of Section 1983 liability, so that some fact indicating the existence of some such policy must be pled." *Id.* at 768.

In this case, Brown argues that *Kolar v. County of Sangamon of the State of Illinois,* 756 F.2d 564 (1985), was the death knell of *Monell* immunity for municipalities in Illinois. In *Kolar* the plaintiff brought suit against the County of Sangamon to enforce a judgment rendered against the Sheriff of Sangamon County pursuant to Ill.Rev.Stat., ch. 85, § 9–102 (1983). That statute provides:

A local public entity is empowered and directed to pay any tort judgment or settlement for which it or an employee

while acting in the scope of his employment is liable in the manner provided in this article.

Ill.Rev.Stat., ch. 85, § 9–102 (1983). That court found under the statute the County of Sangamon was required to pay the judgment rendered against the Sheriff of Sangamon County. Kolar, however, simply interprets an Illinois statute, and does not sound the "death knell" of *Monell* in Illinois. *Monell* remains the leading case defining municipal liability. *See City of Oklahoma City v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Brown has not pled any facts which would suggest that the City of Chicago has a custom or policy which caused the deprivation of his constitutional rights. Therefore, defendants' motion to dismiss Count II of the amended complaint is granted.

Since the plaintiff's federal claim against the City of Chicago in Count II is dismissed before trial, the state claim alleged in Count III against the City of Chicago is dismissed without prejudice for lack of pendent jurisdiction. *See Aldinger v. Howard,* 427 U.S. 1, 16–17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976); *Moore v. The Marketplace Restaurant,* 754 F.2d 1336 (1985); *Knudsen v. D.C.B., Inc.,* 592 F.Supp. 1232, 1235 (N.D.Ill.1984).

## II. MOTION TO COMPEL

Plaintiff's motion to compel discovery is granted. Defendants are ordered to produce Joseph Guarieri, Carole Brawner, Delacy and the designated representative for oral depositions within 30 days. Defendants are further ordered to answer to plaintiff's written interrogatory within 30 days. Each side shall bear its own costs and fees.

## III. CONCLUSION

Defendant City of Chicago's motion to dismiss Count II and III of the amended complaint is granted. Count III is dismissed without prejudice. Plaintiff's motion to compel discovery is granted. Each side shall bear its own costs and fees.

IT IS SO ORDERED.