**John–Tyronne MARTIN, Plaintiff,**

v.

**James E. O'GRADY, Sheriff, Cook County, Illinois, and Deputy Sheriff Flood, individually and in their official capacities, Defendants.**

**No. 89 C 6493.**

United States District Court, N.D. Illinois, E.D.

June 13, 1990.

John–Tyronne Martin, pro se.

Cecil A. Partee, State's Attorney of Cook County by Paula Carstensen, Asst. State's Atty., Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Plaintiff John–Tyronne Martin, an inmate at Pontiac Correctional Center, claims that he was deprived of his constitutional rights by government officials acting under color of state law. The alleged official misconduct occurred in December 1987, when Martin appeared in state court as a criminal defendant. Martin alleges that Cook County Deputy Sheriff Flood, who was the court security guard, unlawfully prevented him from filing certain documents with the judge's clerk. Martin was then taken to the pretrial detention area. Martin further alleges that while he was in pretrial detention, Flood handcuffed him, placed him on an elevator, and proceeded to beat him about the head, face, and body.

Based on these allegations, Martin asserts several state and federal claims against Flood. Pursuant to 42 U.S.C. § 1983, Martin also asserts a claim against Cook County Sheriff James E. O'Grady. Martin is suing O'Grady in both his official and individual capacities. Arguing that there is no basis for liability in either capacity, O'Grady moves to dismiss Martin's § 1983 claim. In the same motion, O'Grady moves to dismiss Martin's request for injunctive relief. For the reasons stated herein, the court grants O'Grady's motion to dismiss.

### I. Martin's Section 1983 Claim

A suit against a government official acting in his official capacity is treated as a suit against the governmental entity itself. *Henry v. Farmer Cty State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986). To maintain his official capacity claim, Martin must demonstrate that his injury was caused by the execution of an official policy, custom, or practice. *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Generally, allegations of a pattern or series of acts is sufficient to raise an inference of official policy. *Powe v. City of Chicago*, 664 F.2d 639, 651 (7th Cir.1981).

In the instant case, Martin alleges that "it is the practice and custom of the employees of the County of Cook and the Sheriff's department to treat African pretrial detainees, via its court employees, in the manner and fashion" that Martin was treated. *First Amended Complaint*, ¶ 14. Martin also makes conclusory assertions that such instances of misconduct toward pretrial detainees occur with regularity and frequency, *id.* ¶ 15, and that it is the practice and custom of the defendants "to fail to act in any positive manner to prevent or discourage the conduct." *Id.* ¶ 16. These allegations, however, are totally inadequate. Martin has failed to plead any facts which point to the existence of the alleged "practice and custom." The facts set forth in the complaint only relate to the single instance of alleged misconduct giving rise to his injury. There are no factual allegations of similar incidents or complaints filed by other similarly-situated pretrial detainees. Requiring a § 1983 plaintiff to aver facts underlying the allegations of official policy may seem to be at odds with the notice pleading standard of the federal rules. *See* Fed.R.Civ.P. 8(a). But in the Seventh Circuit, the law is clear: a plaintiff cannot state a claim under § 1983 by making bare legal conclusions without revealing any facts upon which those conclusions are based. *See Strauss*, 760 F.2d at 768 ("The existence of a policy that caused a plaintiff's injury is an essential part of Section 1983 liability, so that some fact indicating the existence of some such policy must be pled."); *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981) ("conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss"), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Rodgers v. Lincoln Towing Serv., Inc.*, 596 F.Supp. 13, 20 (N.D.Ill.1984) ("a plaintiff wishing to assert [a § 1983] claim must plead facts tending to show a pattern of illegal conduct

going beyond a single incident of wrongdoing"), *aff'd*, 771 F.2d 194 (7th Cir.1985); *Hamrick v. Lewis*, 515 F.Supp. 983, 986 (N.D.Ill.1981) ("a section 1983 plaintiff must do more than merely parrot the language of *Monell* ").

While a plaintiff such as Martin does not have to provide formal evidence or detailed factual allegations documenting official policy, he must do more than merely plead the facts surrounding his individual case. *Hamrick*, 515 F.Supp. at 985–86. From the allegations contained in Martin's complaint, this court cannot conclude that his claim involves anything more than an isolated occurrence.[1] The deficiency in Martin's pleadings goes beyond mere inartful drafting (which must be forgiven in *pro se* complaints, *Briscoe*, 663 F.2d at 723); it is fatal to his official capacity claim.

■ Likewise, Martin's allegations fail to support a claim against O'Grady in his individual capacity. A government official may not be liable in his individual capacity unless he caused or participated in the alleged wrongdoing. *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir.1982). Absent direct participation in the unlawful activity, the official may be personally liable if he acted or failed to act with a deliberate or reckless disregard for the plaintiff's rights. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982). In any event, there must be some affirmative link between the acts or omissions of the government official and the plaintiff's injury. *Wolf–Lillie*, 699 F.2d at 869. In the case at bar, Martin makes a bald assertion that instances of violence toward pretrial detainees occur with regularity and that O'Grady was aware of the incidents. But

Martin has not made the slightest factual allegation from which the court may infer that O'Grady was personally responsible for the conduct of defendant Flood. Nothing in the complaint suggests that the alleged beating was inflicted at O'Grady's direction, with his knowledge, or with his consent. *See Crowder*, 687 F.2d at 1005. There is no evidence that O'Grady was even aware of the incident, let alone tacitly authorized any physical abuse.

■ Martin cannot hold O'Grady personally liable for acts of one of his subordinates, no matter how egregious, without giving any hint of O'Grady's involvement. A contrary ruling would allow Martin to proceed on a theory of vicarious or superiors' liability, which is unavailable under § 1983. *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Factual allegations pertaining to culpable policy may lend credence to Martin's theory that O'Grady was on notice of widespread abuse and failed to take any corrective action. *See Wilson v. Attaway*, 757 F.2d 1227, 1241–42 (11th Cir.1985). However, as this court previously indicated, Martin has not alleged *any* facts relating to other acts of violence against pretrial detainees. Due to the "high incidence of unmeritorious civil rights suits, the absence from federal civil rights law of a doctrine of superiors' liability, and the burdens that having to defend incessant litigation places on public officials in today's litigious climate," Martin must plead Sheriff O'Grady's involvement with greater specificity than he has done thus far. *Patton v. Przybylski*, 822 F.2d 697, 701 (7th Cir.1987).

Of course, the dismissal of Martin's § 1983 claim is without prejudice; Martin

---

**1.** In light of the fact that Martin is asserting his claims *pro se,* his complaint must be construed liberally. *Briscoe,* 663 F.2d at 723. Perhaps Martin bases his claim on a "failure to train" theory. *See City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). If such is the case, then Martin still has a very high hurdle to clear. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy

or custom' that is actionable under § 1983." *Id.* 109 S.Ct. at 1205. Not only must Martin identify a deficiency in the official training program, but he must also somehow demonstrate that it "actually caused" his injury. *Id.* at 1206. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* Martin certainly cannot maintain a "failure to train" theory on the basis of his skeletal pleadings.

is free to amend his complaint in order to plead his claims with greater specificity. *See Hamrick*, 515 F.Supp. at 986 n. 4.

### II. Martin's Claim for Injunctive Relief

O'Grady has also moved to dismiss Martin's request for an injunction. Martin seeks to enjoin the defendants from violating his constitutional rights in the future. An injunction is an extraordinary remedy, however, and it will not be granted routinely. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2942, at 368 (1973). To obtain injunctive relief, Martin must establish that he will suffer an irreparable injury and that there is no adequate remedy at law. *Confederation of Police v. City of Chicago*, 481 F.Supp. 566, 569 (N.D.Ill.1980). But Martin cannot obtain equitable relief based on the mere possibility or unfounded fear of some future injury. Wright & Miller, *supra*, at 369. There must be a real and immediate danger that the alleged harm will occur. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

Martin has not demonstrated that there is a real and immediate threat to his constitutional rights. Martin intimates that the injury he allegedly suffered in the past is strong evidence that defendants will violate his rights in the future. Although past unlawful conduct may be evidence of whether there is a real danger of future injury, see *O'Shea*, 414 U.S. at 496, 94 S.Ct. at 676, that is not the case here. There is no evidence that the alleged illegal activity occurs regularly or is likely to recur in the future. Martin's fear of repeated injury is speculative at best, as it is unsubstantiated by any factual assertion.

Nonetheless, Martin argues that even if there is no presently existing threat to his constitutional rights, an injunction is warranted because his claim is "capable of repetition, yet evading review." That argument is unavailing. Martin's claim that he was mistreated while in pretrial detention does not "evade" review; it will be litigated in his suit for damages. *Lyons*, 461 U.S. at 109, 103 S.Ct. at 1669. Moreover, the "capable of repetition, yet evading review" doctrine only applies in exceptional circumstances. That doctrine will not be applied unless the party can make a reasonable showing that he will be subjected to the alleged misconduct in the future. *Id.* Since Martin has failed to make such a showing, he is not entitled to an injunction.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's § 1983 claim is granted. The court also dismisses plaintiff's claim for injunctive relief.

IT IS SO ORDERED.