Betty DUMAS, Plaintiff,

v.

CHICAGO HOUSING AUTHORITY and The Department of Housing and Urban Development, Defendants.

No. 91 C 7038.

United States District Court,
N.D. Illinois,
Eastern Division.

June 11, 1996.

Betty J. Dumas, Chicago, Illinois, Pro Se.

Marilyn F. Johnson, Jordan Marsh, Chicago Housing Authority, Chicago, Illinois, for Defendants.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

Plaintiff Betty Dumas ("Dumas") filed a two-count amended complaint (hereinafter "Comp.") alleging in count I that Defendant Chicago Housing Authority (hereinafter "CHA") deprived her of due process in the administration of a Section 8 program in violation of 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. In count II, Dumas brought a claim against the U.S. Department of Housing and Urban Development ("HUD"), which was previously dismissed by the District Court on June 9, 1995. There are three motions currently before the court. The CHA has filed a motion to strike Dumas' prayer for punitive damages and a motion for summary judgment. Dumas has also filed a motion for summary judgment against the CHA. For the reasons set forth below, the CHA's mo-

tion to strike all prayers for punitive damages is granted, and Dumas' and the CHA's cross motions for summary judgment are denied.

## I. FACTUAL BACKGROUND

This lawsuit arises out of the claim by Dumas that the CHA refused her request to find suitable alternative subsidized housing. The U.S. Housing Act, 42 U.S.C. § 1437, authorizes HUD to contribute financially to public housing agencies ("PHAs") such as the CHA. In exchange for these contributions, the PHAs manage the Section 8 Existing Housing Program ("Section 8"). A family becomes a participant in Section 8 housing when a PHA executes a contract with a landlord to subsidize the family rent. 24 C.F.R. § 882.209. Defendant CHA is a PHA and manages the Section 8 program in Chicago for HUD.

Dumas was a participant in the Section 8 program during January 1989. On January 12, 1989, the CHA sent Dumas and her landlord a notice indicating that CHA would terminate her Section 8 participation if her landlord did not make repairs to her dwelling by February 28, 1989. (Pl.Resp., Ex. G).[1] Dumas alleges that the CHA continued to issue subsidy payments to her landlord after February 28 (Comp. at ¶ 9), whereas, the CHA asserts that it terminated its payments when the deficiencies were not corrected. (CHA Motion for Summary Judgment, p. 1).

On April 13 and 28, 1989, Dumas asked HUD for relocation assistance and information on her status with the Section 8 program. (Comp. at ¶ 11 and Ex. A and B). On May 1, 1989, HUD informed Dumas that she was a participant in the Section 8 program and that the CHA had been informed of her request, and CHA would provide further details on her status. (Pl.Resp., Ex. D). Dumas alleges that CHA violated her constitutional rights by refusing to adequately inform her of her housing status and by failing to accord her a hearing or to issue a new certificate for continued participation in the Section 8 program. (Comp. at ¶¶ 11 and 17).

Dumas received a Re-examination of Family Income form in April, 1989 from the CHA. (Pl.Resp., Ex. C). She completed the form and returned the form within the seven days allotted. *Id.* She alleges that she was forced to defend herself in eviction proceedings without proper notice from the CHA of her housing status. (Comp. at ¶ 14). Dumas asserts that pursuant to 24 C.F.R. § 882.209(m), she was entitled to notice of the CHA's decision to deny the certificate. Also, if the certificate was denied, Dumas asserts she was entitled to an informal hearing on the denial. The CHA claims that her certificate expired because she never actually requested a new certificate, nor did she complete the required paperwork as required by HUD regulations. (CHA Motion for Summary Judgment, p. 2).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Celotex Corporation v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986).

When reviewing the record on summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmovant. *Hill v. Burrell Communications Group, Inc.,* 67 F.3d 665, 667 (7th Cir.1995). To avert summary judgment, however, Plaintiffs must do more than raise "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A dispute about a material fact is genuine only if the evidence presented is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A summary judg-

---

1. Apparently, CHA conducts inspections of properties participating in the Section 8 program. If the properties do not pass the CHA inspection the landlord must make the needed repairs or the tenant will lose the Section 8 subsidy and the lease will be terminated.

ment proceeding is not a vehicle for the resolution of factual disputes; it is designed to determine whether there is any material dispute of fact that requires a trial. *Id.*

### III. MOTION TO STRIKE PUNITIVE DAMAGES

■ Dumas filed an action against the CHA seeking actual and punitive damages. The CHA has filed a motion to strike Dumas' claim for punitive damages relying upon the Supreme Court decision in *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

In *City of Newport,* an organization licensed by the City of Newport to present musical concerts sued the city and city officials alleging that cancellation of a license amounted to a violation of their constitutional rights under color of state law. The court in denying punitive damages stated that "punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). "It remains true that an award of punitive damages against a municipality 'punishes' only the taxpayers, who took no part in the commission of the tort." *Id.* "Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers." *Id.* Accordingly the Court held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *Id.* Similarly, this court in *Hammond v. Cicero,* 822 F.Supp. 512, 516 (N.D.Ill.1993) held that as a municipality, the CHA is not liable for punitive damages under § 1983.

Plaintiff asserts that the CHA should be liable for punitive damages based on this court's decision in *Hamrick v. Lewis,* 515 F.Supp. 983 (N.D.Ill.1981). However, *Hamrick* has been effectively overruled by *City of Newport.* Therefore, Plaintiff's arguments are not applicable to the present case. Accordingly, the CHA's motion to strike all Plaintiff's prayers for punitive damages is granted with prejudice.

### IV. CROSS MOTIONS FOR SUMMARY JUDGMENT

■ Dumas alleges that she was denied due process in violation of the Fourteenth Amendment because CHA failed to provide notice of the cancellation of her Section 8 certificate and failed to inform her of the right to an informal hearing on the certificate denial. The CHA argues that Dumas has failed to present sufficient facts to establish a constitutional violation and that she never actually requested a new certificate. Because the record presents a genuine issue of material fact, the cross motions for summary judgment are denied.

■ Dumas is a *pro se* litigant and this court will examine her motion for summary judgment and response to the CHA's motion under a more liberal standard than pleadings drafted by an attorney. Rule 8(f) of the Federal Rules of Civil Procedure provides that "[a]ll pleadings shall be so construed as to do substantial justice." The Supreme Court has frequently stated that *pro se* pleadings are to be given a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

This court finds that Dumas has brought forth sufficient facts to support her allegations and to raise a genuine issue of material fact. The CHA argues that Dumas has failed to allege sufficient facts to establish a due process violation. Paragraph 17, entitled "Constitutional Violations", of Plaintiff's complaint makes the following allegation:

"The defendant CHA refusal to adequately inform the plaintiff of her housing status or issue or deny her a new certificate for continuation participation per her requests, or the right to an hearing, or notice of termination of her certificate is a violation of the Due Process Clause of the U.S. Constitution 14th Amendment" Comp. at ¶ 17.

The CHA argues that "such bald, conclusory assertions do not rise to the level of a valid Constitutional claim." (Def. Motion p. 3). However, Dumas alleges in paragraph 11 of her complaint that she contacted CHA and "made numerous request for relocation assistance and housing status". Also, Dumas has

attached as exhibits various letters indicating that she contacted the CHA requesting information regarding her housing status and "any application needed to assist me in applying for any relocation assistance". (Comp. at Ex. A).

Plaintiff has sufficiently brought forth evidence establishing a genuine issue of material fact with respect to her due process claim. The Court will discuss the evidence and draw all inferences in the light most favorable to the Plaintiff. Such a discussion should not be deemed to indicate that Plaintiff will ultimately prevail, or that the Court believes that all of the evidence presented is necessarily credible, but rather that such an examination of the facts is required in reviewing a motion for summary judgment.

Regulation 24 C.F.R. § 882.209(m) requires only that Plaintiff notify the CHA that she wanted another certificate. Plaintiff's complaint alleges substantial compliance with the regulations by alleging that she contacted HUD and CHA for information and applications, if any, to continue receiving Section 8 housing assistance. Plaintiff did not complete and sign a form for obtaining another Certificate of Family Participation. However, 24 C.F.R. § 882.209(m)(1) states that:

> If a participant in the PHA's Section 8 Housing Certificate program notifies the PHA that the Family wants another Certificate so that the Family can move to another dwelling unit within the area in which the PHA has determined that the PHA is not legally barred from entering into Contracts, the PHA shall ... either—
> (i) Issue another Certificate, or
> (ii) Deny issuance of a Certificate on accordance with § 882.210.

The regulations provide that a recipient who notifies the PHA (CHA) that she wishes to obtain another certificate of family participation for the purpose of finding another dwelling will be issued a certificate by the PHA or the request will be denied. 24 C.F.R. § 882.209(m). If the PHA denies the request the regulations provide that the recipient shall receive notice of the denial and that an informal hearing may be requested. 24 C.F.R. § 882.216.

 Dumas' participation in the Section 8 program was terminated. The regulations specify that the PHA be notified by a participant that the family wants another Certificate. 24 C.F.R. § 882.209(m). Benefits like those provided under the Housing Act are a matter of statutory entitlement for persons qualified to receive them, and those persons must receive due process before the benefits are terminated. *Goldberg v. Kelly,* 397 U.S. 254, 261–263, 90 S.Ct. 1011, 1016–18, 25 L.Ed.2d 287 (1970).

The court finds that there is a question of fact as to whether the CHA was notified that Dumas wanted Section 8 assistance. The CHA argues that Dumas "never actually requested a new certificate ... and that her failure to correctly pursue her options is the real cause of the expiration of the Certificate." (Def. Motion p. 2). Dumas maintains that the CHA was aware of her request based on the letters forwarded to them by HUD. A trial will be required to resolve this factual dispute. Accordingly, the cross motions for summary judgment are denied.

## IV.  CONCLUSION

For the foregoing reasons, **CHA's motion to strike all prayers for punitive damages is hereby GRANTED WITH PREJUDICE, the CHA's motion for summary judgment is hereby DENIED and Dumas' motion for summary judgment is also DENIED.**

**SO ORDERED.**