Jeffrey Thomas **FARMER**, Plaintiff,

v.

**WILSON HOUSING AUTHORITY**, Defendant.

No. 5:05–CV–167–D.

United States District Court,
E.D. North Carolina,
Western Division.

Oct. 6, 2004.

Jeffrey Thomas Farmer, Wilson, NC, Pro se.

Kenneth R. Wooten, Ward & Smith, New Bern, NC, for Wilson Housing Authority, defendant.

## ORDER

DEVER, District Judge.

Jeffrey Thomas Farmer, proceeding *pro se*, claims that the Wilson Housing Authority ("WHA") terminated his housing subsidy without due process. Farmer seeks reinstatement of his subsidy and $3,000 in punitive damages.

Pursuant to Fed.R.Civ.P. 12(c), defendant WHA has filed a motion for entry of judgment on the pleadings. For the following reasons, the court grants the motion and this action is dismissed.

## STATEMENT OF THE CASE

Farmer is a participant in the WHA's Section 8 rental voucher program. Answer ¶ A. In February 2005, Farmer rented an apartment in Carrboro, North Carolina which was paid for by the WHA through a portability feature of the rental voucher. *Id.*

On May 4, 2005, Farmer filed his complaint against the WHA. The complaint is dated March 10, 2005. Farmer alleges that in February 2005, he was involved in a confrontation with one of his neighbors and that the police responded to this altercation. Compl. ¶ B. Thereafter, Farmer claims that he decided to voluntarily vacate his apartment, but that the WHA erroneously believed that he had been evicted. *Id.* ¶ C. Specifically, in a letter dated February 28, 2005, the WHA notified Farmer that it would terminate his rental assistance on March 17, 2005, explained that the termination was a result of his criminal assault upon his neighbor, and advised Farmer of his right to appeal the decision in writing to the WHA Housing Director within 10 days. Answer, Ex. B. Farmer did appeal the termination and, in a letter dated March 23, 2004[sic], a hearing officer recommended that the WHA continue Farmer's rental assistance. *Id.*, Ex. C. On April 6, 2005, the WHA issued Farmer rental assistance through August 6, 2005. *Id.*, Ex. D. On April 26, 2005, in his response to the denial of his Application To Proceed Without Prepayment Of Fees And Affidavit ("Application and Affidavit"), Farmer acknowledges that the WHA had agreed to reinstate his housing subsidy. Pl.'s Response at 2.

On August 29, 2005, the WHA moved for judgment on the pleadings. Farmer's response provides no additional facts.

## DISCUSSION

A motion for judgment on the pleadings under Rule 12(c) is determined by the same standard as for motions made pursuant to Rule 12(b)(6). *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Bruce v. Riddle*, 631 F.2d 272, 273–74 (4th Cir.1980). A Rule 12(c) motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in

the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards,* 178 F.3d at 244. The court " 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.' " *Id.* (quoting *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988)) (emphasis omitted).

In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." *Pledger v. North Carolina Dep't of Health & Human Servs.,* 7 F.Supp.2d 705, 707 (E.D.N.C.1998); *Jadoff v. Gleason,* 140 F.R.D. 330, 331 (M.D.N.C.1991) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed.2004)). In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." *Parks v. Alteon, Inc.,* 161 F.Supp.2d 645, 649 n. 1 (M.D.N.C.2001); *see also* Fed. R. Civ. P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002) (documents attached to the answer are part of the pleadings for Rule 12(c) purposes where the documents are central to the plaintiff's claims and the authenticity is not challenged).

"The Constitution authorizes federal courts to hear cases and controversies, U.S. Const. art. III, § 2, and by that limitation forbids the consideration by federal courts of matters that have become moot." *Kennedy v. Block,* 784 F.2d 1220, 1222 (4th Cir.1986). An "actual controversy, must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "The test for a case or controversy . . . is whether the dispute 'is definite and concrete, touching the legal relations of parties having adverse legal interests.' " *White v. Nat. Union Fire Ins. Co.,* 913 F.2d 165, 167 (4th Cir.1990) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Kennedy,* 784 F.2d at 1222 (quotation omitted). For example, in *Kennedy,* the plaintiff received notice of the termination of his lease in federally subsidized housing and sought declaratory and injunctive relief against the Department of Agriculture and his landlord. *Id.* at 1221. The plaintiff and the landlord settled their differences and the plaintiff continued to live at the apartment "without the fear . . . [of] any future threats of eviction." *Id.* at 1222. The court determined that the plaintiff "is without the real interest in 'live' issues that should be possessed by a party before a federal court." *Id.*

█ In this case Farmer seeks reinstatement of his Section 8 housing subsidy and $3,000 in punitive damages. Farmer's Application and Affidavit acknowledges that his housing benefits have been reinstated. WHA's answer confirms this fact. Answer ¶ C, Ex. D. Moreover, there is no allegation or evidence to suggest that this court should apply the "capable of repetition, yet evading review" exception to the general rule of mootness. *See S. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Accordingly, there is no "live" controversy over the continuation of Farmer's housing subsidy. *See Kennedy,* 784 F.2d at 1222.

█ Farmer also seeks $3,000 in punitive damages from the WHA. A municipali-

ty (including a municipal agency) is immune from punitive damages under 42 U.S.C. § 1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). The WHA is a municipality for purposes of this legal principle. *See Wells v. Hous. Auth. of Wilmington,* 213 N.C. 744, 197 S.E. 693 (1938) (finding that housing authority is a municipal corporation under North Carolina law); *see also Dumas v. Chicago Hous., Auth.,* 930 F.Supp. 1238, 1240 (N.D.Ill.1996) (finding housing authority immune from punitive damages under 42 U.S.C. § 1983); *Fauser v. Memphis Hous. Auth.,* 780 F.Supp. 1168, 1176 (W.D.Tenn. 1991) (same); *Friedman v. New York City Dept. of Hous. & Dev. Admin.,* 688 F.Supp. 896, 900 (S.D.N.Y.1988) (same). Thus, Farmer cannot recover punitive damages from the WHA as a matter of law.

## CONCLUSION

For the reasons stated above, defendant's motion for judgment on the pleadings is GRANTED and this action is DISMISSED.