Judy C. HENDERSON, Plaintiff,

v.

EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA; and Ann Q. Duncan, in her official capacity, Defendants.

No. 3:92–CV–283–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 18, 1995.

John W. Gresham, Ferguson Stein Wallas Adkins Gresham & Sumter, Charlotte, NC, for plaintiff.

T.S. Whitaker, James A. Haney, Employment Security Commission of N.C., Raleigh, NC, Sophia C. Goodman, Equal Employment Opportunity Commission, Washington, DC, for defendants.

### ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on the motion of Defendants (referred to collectively as the "ESC") to dismiss the Plaintiff's claim under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e *et seq.* (document #34). For the reasons stated herein, that motion will be granted.

## I. *Background.*

Plaintiff, Judy C. Henderson ("Henderson") is an employee at the Gastonia office of the Employment Security Commission of North Carolina ("ESC"). On December 6, 1990, Henderson applied for a promotion to Assistant Manager. On or about December 31, 1990, Henderson was told that she did not receive the promotion. The various Defendants named herein all have some relationship with the ESC and the promotion decision.

Henderson believed that she did not receive the position because she was old and female. She filed charges with the Charlotte Office of the Equal Employment Opportunity Commission ("EEOC") which indicated that her charges were subject to Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (*"ADEA).* The EEOC acted to pursue claims under both of these federal statutes. According to Henderson, when the EEOC's conciliation efforts failed her sex discrimination claim was forwarded to the United States Department of Justice which provided her with a right-to-sue letter on her claim as required by 42 U.S.C. § 2000e–5(f)(1). The EEOC also filed an action on her behalf under ADEA and Henderson intervened in that action. Subsequently, the age discrimination claim was dismissed. Currently before the Court are Henderson's Title VII claim and her equal protection claim, made pursuant to 42 U.S.C. § 1983, wherein she seeks certain equitable relief.

## II. *Analysis.*

The ESC has moved for dismissal of Henderson's Title VII claim on the grounds that this Court lacks subject matter jurisdiction. The basis for the motion is simple. According to the ESC, Henderson has never pursued any sex discrimination claim under state law, pursuit of a state law claim is a prerequisite to a valid EEOC right-to-sue letter, and a valid EEOC right-to-sue letter is a prerequisite to federal subject matter jurisdiction.

The ESC relies upon 42 U.S.C. § 2000e–5(c) and the Fourth Circuit's recent decision in *Davis v. North Carolina Dept. of Correction,* 48 F.3d 134 (4th Cir.1995). The relevant statutory language provides:

**(c) State or local enforcement proceedings ... time for filing charges with Commission ... commencement of proceedings.**

In the case of alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no charge may be filed under subsection (a)* [1] *of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless proceedings have been earlier terminated* .....

42 U.S.C. § 2000e–5(c) [emphasis supplied]. As ESC notes, it is undisputed that North Carolina state law provides for equal opportunity for employment and compensation without regard to sex, N.C.Gen.Stat. § 126–16, and that a state agency, in this case the Office of Administrative Hearings, has been established to process claims of sex discrimination. N.C.Gen.Stat. §§ 7A–759, 126–36 & 126–37. Under these circumstances, 42 U.S.C. § 2000e–5 requires that Henderson commence proceedings under state law before the EEOC can act upon her federal discrimination claims. Yet Henderson has never pursued her claims under these statutes. Therefore, the ESC argues that the EEOC had no authority to proceed in this matter and no authority to issue a right-to-sue letter. Thus, the ESC concludes, this Court has no subject matter jurisdiction.

**1.** As the Code service annotations indicate, the reference to subsection (a) is undoubtedly intended to reference subsection (b) of § 2000e–5.

The ESC argues that this case is governed by *Davis, supra.*, and this Court agrees. In that case, the plaintiff brought a race discrimination claim under Title VII, but never advanced any claim under state law. The Fourth Circuit held that there was no federal jurisdiction because the plaintiff had not commenced an action under state law as required by § 2000e–5(c), such that the plaintiff was not entitled to a right-to-sue letter from the EEOC as required by the statute. The Court emphasized that the agencies at issue had only addressed the plaintiff's federal discrimination claims.

■ This case is identical. The only claims that Henderson has advanced were those under Title VII and the ADEA. Under these circumstances, proceedings were not commenced "under state law" within the meaning of § 2000e–5(c). Therefore, *Davis* indicates that this Court does not have subject matter jurisdiction over Henderson's discrimination claim.

The EEOC has appeared as *amicus curiae* to argue that Henderson's filing with the EEOC did commence proceedings under state law within the meaning of § 2000e–5(c). Essentially, the EEOC asserts that pursuant to its workshare agreement with the State of North Carolina, the State has waived the sixty-day deferral period set forth in § 2000e–5(c) as permitted by the statute. *See EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Further, the EEOC argues that the State's waiver is self-executing, *see EEOC v. Techalloy Maryland, Inc.*, 894 F.2d 676 (4th Cir.990), such that it took effect immediately when Henderson filed charges with its office. Accordingly, the EEOC concludes that Henderson's filing of a complaint with the EEOC both commenced and terminated a proceeding under state law within the meaning of § 2000e–5 such that the EEOC had authority to give Henderson a right-to-sue letter and this Court has subject matter jurisdiction.

This Court cannot agree. For one thing, the EEOC's assertion that the State's waiver of the sixty-day deferral period created by § 2000e–5(c) is complete and self-executing is not clearly supported by the terms of the workshare agreement. For the most part, the agreement characterizes the role of the EEOC and State agency as one of "charge processing." Only one portion of the agreement, Section II(F), expressly contains a waiver, and therein the State waives deferral with respect to certain classes of charges. No party has argued that Section II(F) applies to Henderson's claim and, under these circumstances, the Court is not entirely persuaded that the workshare agreement at issue operated as a blanket and self-executing waiver of the deferral period created in § 2000e–5(c). *Cf. Petrelle v. Weirton Steel Corp.*, 953 F.2d 148 (4th Cir.1991) (Under terms of workshare agreement, State's waiver of § 2000e–5(c) deferral period occurs only after charge is referred to State).

But the Court need not and does not reach that issue because even if state proceedings were commenced and terminated under § 2000e–5(c) pursuant to the workshare agreement, those proceedings were not proceedings "under state law" within the meaning of § 2000e–5(c). Henderson has never advanced, and the EEOC has never acted upon, any claim of sex discrimination under state law. Therefore, the requirements of § 2000e–5(c) have never been satisfied, Henderson is not entitled to receive a right-to-sue letter from the EEOC, and this Court does not have subject matter jurisdiction. *See Davis, supra.*

■ The EEOC concedes as much. Its brief focuses on the commencement and termination of state *proceedings* pursuant to the workshare agreement. But if state proceedings were commenced in this case, they were state proceedings under *federal* (not state) anti-discrimination law. In this Court's view, state proceedings under federal law, cannot satisfy the requirement that a plaintiff commence *proceedings under state or local law* created by § 2000e–5(c) for the reasons stated in *Davis. Davis*, 48 F.3d at 138–141. If this were allowed, then the "multi-tiered administrative scheme," *see Davis*, 48 F.3d at 138, created by Congress for Title VII claims would be undermined.

The EEOC's precise position is not entirely clear. Perhaps the EEOC is arguing that the mere commencement and termination of state proceedings *via* a workshare agree-

ment should be regarded as proceedings under state law. But there is no question that Henderson has only advanced claims under federal law and the Fourth Circuit has already rejected such claim recharacterization. *See Davis*, 48 F.3d at 141. Maybe the EEOC believes that the filing of a state law claim is not necessary given the State's waiver of the deferral period. Since the only purpose of the state law claim is to trigger the deferral period, the argument would go, the State's waiver of the deferral period makes the filing of a state law claim a mere formality. And admittedly, the State's ability to waive the deferral period under *Commercial Office Products, supra*, does largely eviscerate the requirement set forth in § 2000e-5(c). But in *Davis, supra*, the Fourth Circuit implicitly rejected this argument when it distinguished the commencement of state proceedings from the commencement of proceedings "under state law", *Davis*, 48 F.3d at 139–40, and that makes good sense insofar as Congress intended federal remedies to supplement state law and therefore crafted a statute whose operation contemplates the pursuit of state law remedies. *See Davis*, 48 F.3d at 138 ("The statutory command to 'accord substantial weight' to the findings made under state law underscores what is explicit in section 2000e-5(c), that commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists.")[2] In any event, this Court believes that *Davis, supra*, controls this case and indicates that the Court has no jurisdiction over the Plaintiff's claim.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion to dismiss Plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (document # 34) is *GRANTED.*

---

2. The EEOC has also argued that the Court should not dismiss this claim because Henderson's failure to satisfy the requirements of § 2000e-5(c) is a result of the EEOC's failure to secure a proper waiver of the deferral period *via* the workshare agreement. The Court declines to take this course of action because the Court's decision rests upon the failure of Henderson, who has been represented by counsel since 1992, to advance a claim under state law. The Court's decision does not rest on the EEOC's failure to secure a valid waiver of the sixty day deferral period created by § 2000e-5(c).