**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHERYL J. DODGE,
Plaintiff-Appellant,

v.

No. 98-1968

PHILIP MORRIS, INCORPORATED, d/b/a
Philip Morris USA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-97-880-3)

Submitted: January 19, 1999

Decided: March 25, 1999

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carolyn P. Carpenter, CARPENTER & WOODWARD, P.L.C., Rich-
mond, Virginia, for Appellant. Hill B. Wellford, Jr., Charles N.
Whitaker, Kimberly L. Carey, HUNTON & WILLIAMS, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Cheryl Dodge appeals the district court's dismissal of her complaint under Fed. R. Civ. P. 12(b)(6). Because we find that Dodge did not pursue her disability claims under state law and thus did not satisfy the prerequisites for federal subject matter jurisdiction, we affirm.

In her complaint, Dodge alleged that she resigned from Philip Morris, Incorporated, on February 16, 1996 (the latest possible date of alleged discrimination), and filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 6, 1996--294 days later. Dodge raised claims, inter alia, under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West Supp. 1998). However, Dodge did not assert any claims under the Virginia Human Rights Act, the Virginians with Disabilities Act or any other state law; she did not mark the appropriate box on the EEOC charge in order to request the EEOC to file the charge with a state agency; and she did not take any action to institute proceedings with the Virginia Council on Human Rights ("VCHR").

Philip Morris moved to dismiss Dodge's complaint on the ground that Dodge's charges had not been filed with the EEOC within 180 days of the adverse employment action. Dodge asserted that (1) the limitations period was extended to 300 days, because state law proscribes the alleged employment practice and the VCHR was a proper deferral agency, see 42 U.S.C.A. § 2000e-5 (West Supp. 1998) (incorporated in 42 U.S.C.A. § 12117(a) by reference); (2) a work-sharing agreement between the EEOC and the VCHR allowed Dodge to file a timely charge with either agency; and (3) even if Dodge should have filed within 180 days, that limitation period should be equitably tolled, given the work-sharing agreement. The district court granted the motion to dismiss, holding that (1) the VCHR was not a deferral agency, and thus Dodge's claim was untimely filed; (2) even if the

2

VCHR were a deferral agency, Dodge's claim would fail because she did not institute proceedings with the VCHR or allege a claim under state law in her EEOC charge; and (3) equitable tolling did not apply. We review the district court's dismissal of Dodge's claim de novo. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

After the district court dismissed Dodge's complaint, we decided that the VCHR is indeed a deferral agency. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 440 (4th Cir. 1998). Nevertheless, we agree with the district court that, because Dodge failed to include a state claim in her EEOC charge, she failed to satisfy the prerequisites for federal jurisdiction.

Title VII provides that

> [i]n the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice . . . no charge may be filed . . . by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law unless proceedings have been earlier terminated.

42 U.S.C.A. § 2000e-5(c). It is undisputed that Virginia state law provides for equal opportunity for employment without regard to disability. In addition, as discussed above, we have recently held that an appropriate state agency, the VCHR, has been established to process claims of discrimination. See Tinsley, 155 F.3d at 440. Under these circumstances, § 2000e-5 requires that Dodge commence proceedings under state law before the EEOC can act upon her federal discrimination claims. See Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 137-40 (4th Cir. 1995). Because Dodge never pursued her claims under state law, her charges were never properly pending before the EEOC. See id. Therefore, Dodge was not entitled to the issuance of a right-to-sue letter by the EEOC, and the federal district court had no jurisdiction over the claims. See id.

Dodge contends that Davis is inapposite to the present case, because Virginia and North Carolina have substantially different

3

work-sharing agreements with the EEOC. Dodge asserts that under the relevant work-sharing agreement, VCHR has jurisdiction over claims alleging violations of federal law as well as claims alleging violations of state law. (See J.A. at 117.)

However, the fact that proceedings with the VCHR could also involve federal law does not eviscerate the requirement, set forth in § 2000e-5(c), that the commencement of state proceedings must be "under state law." Davis, 48 F.3d at 139-40.* Therefore, we conclude that Davis controls this case, and consequently, that the district court had no jurisdiction over Dodge's claim. See Pledger v. North Carolina Dep't of Health & Human Servs., 7 F. Supp.2d 705, 708 (E.D.N.C. 1998) (alleged violations of Title VII do not constitute state law discrimination claims even if the state agency has authority to investigate Title VII claims); Henderson v. Employment Sec. Comm'n, 910 F. Supp. 252, 255 (W.D.N.C. 1995) (state proceedings under federal law cannot satisfy the requirements of § 2000e-5(c)).

Thus, we affirm the dismissal of Dodge's complaint. Accordingly, we need not decide whether filing with the EEOC satisfied the requirement of commencing state proceedings with the VCHR. In addition, Dodge's equitable tolling claim is moot, because even if her charge was timely filed, it was insufficient to exhaust state administrative remedies. Thus, we affirm the dismissal of Dodge's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____
*In any event, North Carolina's deferral agency also has the authority to investigate violations of federal law. See Pledger v. North Carolina Dep't of Health & Human Servs., 7 F. Supp.2d 705, 708 (E.D.N.C. 1998). Therefore, Dodge cannot distinguish Davis on this basis.

4